# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ALEX KIMBLE                                                                                  PLAINTIFF

v.                                    3:15CV00336-JTK

STEVE WRIGHT, et al.                                         DEFENDANTS

## MEMORANDUM AND ORDER

**I.    Introduction**

Plaintiff Alex Kimble filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment while he was incarcerated at the Greene County Detention Center (Jail) in 2015 (Doc. No. 2).[1]

Defendants Wright and Farmer, licensed practical nurses (LPN) at the Jail, filed a Motion for Summary Judgment, Brief in Support and Statement of Facts on July 1, 2016 (Doc. Nos. 26-28). Plaintiff did not respond, and by Order dated July 25, 2016, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 29). As of this date, however, Plaintiff has not responded to the Motion.

**II.    Complaint**

Plaintiff alleged that beginning on July 17, 2015, he submitted several medical requests for treatment for a broken bone in his right hand, groin pain and pain associated with defecating (Doc. No. 2, p. 4). Each time he submitted a request, one of the Defendants would respond that they were

---

[1]Plaintiff notified the Court of his release from incarceration on March 29, 2016 (Doc. No. 25).

waiting for response from the Arkansas Department of Correction (ADC).  (Id.) However, Plaintiff did not receive medical attention from the two Defendants until September 11, 2015.  (Id., p. 5)

### III.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

### A.      Official Capacity

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, because he did not allege that their actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Absent such an allegation, or a response from Plaintiff, the Court finds the monetary claims against Defendants in their official capacities should be dismissed.

### B. Individual Capacity

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable

3

to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to the affidavit of Allison Huckabee, Jail Administrator of the Jail, Plaintiff Kimble was a convicted detainee housed at the Jail from July 17, 2015, until his transfer to the ADC on December 14, 2015 (Doc. No. 28-1, p. 2). In June, 2015, the Jail begin using a kiosk computer system which allowed detainees to submit medical requests electronically any time of the day or night. (Id.) During the first few months of this system, the Jail medical department received a high volume of medical requests, and it took time to implement a process by which those requests were limited in time and number, to ensure a prompt response to each request. (Id., pp. 2-3) During the time of Kimble's incarceration, Dr. Roger Cagle and two of his APN staff members (Luke Hoggard and Brandy Rogers), treated detainees one time per week at the Jail. (Id., p. 3) They were not, however, Jail employees. (Id.)

Defendants Farmer and Wright also submitted affidavits, together with copies from Plaintiff's medical records (Doc. No. 28-2, pp. 3-36). According to Farmer, because Kimble was an ADC Jail detainee, the Jail needed permission from the ADC prior to providing non-emergent medical care. (Doc. No. 28-4, p. 3) Plaintiff submitted his first request for medical care on July 19, 2015, complaining about ankle, hand and groin area pain, and about difficulty using the bathroom

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

4

and a swollen scrotum. (Id.) Although an ADC staff member signed the ADC request form granting Plaintiff permission to see the Jail doctor, Defendant Farmer does not recall seeing this response, and did not knowingly ignore it. (Id.) Plaintiff then submitted another health services request on August 27, 2015, complaining of ankle, hand, knee and groin pain, and blood in his stool. (Id.) However, he refused to see the doctor the next day, stating that he felt better. (Id.) He submitted another request on September 11, 2015, complaining about blood in his stool, a torn tendon in his left ankle, right hand pain and a hernia. (Id.) Farmer saw Plaintiff that same day and recommended Ibuprofen for pain and rectal suppositories for blood in his stool. (Id.) The ADC responded on September 21, 2015, directing the Jail to provide Ibuprofen and schedule Plaintiff to see a doctor. (Id., p. 4)

Plaintiff submitted another request on October 2, 2015, complaining of pain in his lower stomach and groin area and blood in his stools. (Id.) APN Hoggard (not a Jail employee) saw Plaintiff and diagnosed him with constipation and epididymis and recommended a stool softener and an antibiotic. (Id.) LPN Steve Wright performed a urinalysis on Plaintiff on October 7, 2015, which showed no blood in the urine but elevated white blood cells. (Id.) Samples were sent to Quest Diagnostics for further evaluation. (Id.) APN Hoggard again saw Plaintiff on October 9, 2015, for complaints about blood in his stool. (Id.) A urinalysis ordered that same day was negative and the white blood count was negative. (Id.) Hoggard did advise Plaintiff to increase his water intake. (Id.)

Plaintiff submitted a health request form on October 20, 2015, complaining about groin and ankle pain, and that the Ibuprofen hurt his stomach. (Id.) Defendant Wright took a urinalysis from Plaintiff on October 22, 2015, the results of which did not identify a serious medical condition that required immediate treatment, and which showed a negative white blood count. (Id.) Hoggard saw

5

Plaintiff in the medical department the next day for complaints of groin and ankle pain. (Id., p. 5) Hoggard gave him an ACE wrap for the ankle and foot and recommended an ultra sound of the left groin and inguinal area. (Id.)

According to Plaintiff's medications logs, he received Ibuprofen, 800 mg, 1 tablet twice a day from October 1, 2015, to November 30, 2015. (Id.) He received an antibiotic twice a day for ten days from October 13, 2015, to October 22, 2015, and a stool softener, twice a day, from October 13, 2015, until November 30, 2015. (Id.) See also Doc. 28-2, Plaintiff's medication logs.

Both Defendants Farmer and Wright state in their affidavits that they did not deliberately ignore to treat or refer Plaintiff for treatment of what they considered to be a serious medical condition while he was incarcerated at the Jail. (Id., Doc. No. 28-5, p. 5) In addition, Wright stated that he faxed the initial request form submitted by Plaintiff to the ADC on July 21, 2015, but did not see the ADC response permitting Plaintiff to see the Jail doctor. (Id., p. 3) He also never saw any records from the ADC which indicated that they approved the ultrasound recommended by Hoggard on October 23, 2015, and is not aware of whether Plaintiff underwent an ultrasound. (Id., pp. 4-5)

Based on their affidavits and the Plaintiff's medical records, Defendants state that Plaintiff cannot produce evidence that they acted with deliberate indifference to his serious medical needs, as required to support an Eighth Amendment claim. In addition, they state Plaintiff provides no proof that any delay in receiving medical care or treatment caused a detrimental effect to his health, as set forth in Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995).

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants (Doc. No. 28) are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). In order to support an Eighth Amendment claim

for relief, Plaintiff must allege and prove that Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).   Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d at 1326 (overruled in part on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany,  132 F.3d at 1240.

In this particular case, Defendants provide medical records to show that Plaintiff was treated on several occasions for his medical requests/needs.  Although Defendants are unable to explain the delay between Plaintiff's initial requests and his treatment in September, 2015, Plaintiff provides no evidence that Defendants intentionally caused the delay or that the delay caused him harm.  The medical evidence shows that Plaintiff was provided medical care and treatment by both the

7

Defendants and also outside medical providers. Therefore, absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendants acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

**IV.   Conclusion**

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 26) is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 24th day of August, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE